# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

LEONARDO AUGUSTO OLIVEIRA SANTOS,

        Defendant

Case No.: 2:17-cr-00001-JAD-CWH

**ORDER**

**Motion to Reopen Detention Hearing (ECF No. 181)**

      This matter is before the Court on Defendant Leonardo Augusto Oliveira Santos' Motion to Reopen Detention Hearing and for Release Pending Trial (ECF No. 181), filed on April 25, 2017. The Government filed its Response (ECF No. 186) on May 1, 2017.

## **BACKGROUND AND DISCUSSION**

      Defendant Oliveira Santos initially appeared in court and was arraigned on the indictment on Friday, January 20, 2017. Following the arraignment, the Government moved to detain Defendant as a substantial risk of nonappearance and danger to the community. Defendant's court appointed counsel requested a continuance of the detention hearing until Monday, January 23, 2017 so that Defendant could be interviewed by Pretrial Services. Defendant was interviewed by Pretrial Services on Monday, January 23, 2017 and Pretrial Services recommended in its report that Defendant be detained pending trial as both a risk of nonappearance and danger to the community. Following the Government's argument for detention, Defendant's counsel requested a further continuance of the detention hearing so that he could prepare and respond to the Government's arguments. The hearing was continued to January 27, 2017. Prior to that hearing, Pretrial Services submitted a memorandum to the Court

regarding further information it had obtained and again recommended that Defendant be detained. On January 27, 2017, the Court found that Defendant poses a substantial risk of nonappearance and danger to the community and that there were no conditions or combination of conditions that could be fashioned to reasonably assure Defendant's future appearance or protect the community against the risk of danger posed by Defendant. The Court therefore ordered that he be detained pending trial. On March 21, 2017, Defendant's retained counsel entered his appearance. Defendant's counsel thereafter filed the instant motion to reopen the detention hearing.

18 U.S.C. § 3142(f) states that the detention hearing may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. This provision is strictly interpreted and the hearing should not be reopened if the evidence was available at the time of the initial hearing. *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D.Cal. 1999) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); and *United States v. Flores*, 856 F.Supp. 1400, 1405-07 (E.D.Cal. 1994)).

Although § 3142(f) is the applicable statute that the Defendant must address and satisfy in order to reopen the detention hearing, he does not refer to it in his motion. Instead, he bases his motion on 18 U.S.C. § 3143(a) which provides that a person who has been found guilty of an offense and is awaiting imposition or execution of sentence shall be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. Defendant is awaiting trial. § 3143(a) therefore does not apply. Furthermore, if a defendant meets his burden to reopen the detention hearing pursuant to § 3142(f), the burden remains with the Government to prove that Defendant poses a substantial risk of nonappearance or danger to the community and should be detained.

Defendant has also not set forth in his motion any information or evidence that was not known or available to him or his counsel prior to the detention hearing on January 27, 2017, and which has a

. . .

material bearing on the issue of detention. Defendant, in effect, asks the Court to revisit its earlier decision which is not a basis for reopening the detention hearing. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reopen Detention Hearing and for Release Pending Trial (ECF No. 181) is **denied**.

DATED this 3rd day of May, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge